UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JAMES RICHARDS,                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        Civil Action No. 13-13195-LTS
                                        )
ERIC HOLDER, Attorney General of        )
the United States of America,           )
                                        )
            Defendant.                  )
_____ )

DISMISSAL ORDER

July 17, 2014

SOROKIN, D.J.

        Plaintiff James Richards sued Defendant Eric Holder in his official capacity as United

States Attorney General, challenging the federal statute prohibiting the sale of human organs for

transplantation, 42 U.S.C. § 274e, on constitutional grounds.  Doc. No. 1.  Richards also

requested a declaration that the statute would not apply to him so long as he purchases an organ

from a person within Massachusetts.  Id. at 11.  The Court granted Defendant's Motion to

Dismiss as to the constitutional claims and ordered Richards to show cause why the request for

declaratory relief should not be dismissed given the Court's concerns over the justiciability of the

hypothetical and nonspecific requested declaration contained in the complaint.  Doc. No. 23.

The response to the show cause order was due by July 3, 2014.  To date, the Court has not

received a response to the show cause order, nor has Richards requested an extension of the

deadline for filing such a response.  The Court now dismisses Richards's request for declaratory

relief.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, for failing to comply with the Order to show cause, as well as for the reasons stated in the Order on Defendant's Motion to Dismiss, Doc. No. 23 at 10-11, the Court hereby DISMISSES the request for declaratory relief.

SO ORDERED.

/s / Leo T. Sorokin
Leo T. Sorokin
United States District Judge